```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  UNITED STATES OF AMERICA

                -against-                    MEMORANDUM & ORDER
                                             95-CR-766-1(EK)(VMS)
  YICK MAN MUI,

                Defendant.

-------------------------------------x

-------------------------------------x

  YICK MAN MUI,

                Petitioner,
                                             99-CV-3627(EK)
                -against-

  UNITED STATES OF AMERICA,

                Respondent.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

In 1996, a jury convicted Yick Man Mui of nine federal offenses, including murder, kidnapping, and interference with commerce by robbery; conspiracy to commit those offenses; and using a firearm during a crime of violence. Judgment, No. 95-CR-766, ECF No. 82. The Honorable Sterling Johnson, Jr., who presided over the trial, sentenced Mui to a term of life plus five years of imprisonment. *Id.* The Second Circuit affirmed the convictions. *United States v. Mui*, 159 F.3d 1349 (2d Cir. 1998) (unpublished table disposition). Following Judge

Johnson's passing, Case No. 95-CR-766 was reassigned to me on October 13, 2022. Because Case No. 99-CV-3627 concerns the same defendant, I requested that it also be assigned to me. Before the Court now are several motions in these cases arising from Mui's efforts to reduce his sentence.

## I. Motion for Reconsideration of First Motion to Vacate Sentence Under 28 U.S.C. § 2255 (No. 99-CV-3627)

Mui filed his first 2255 motion *pro se* in 1999. Mot. to Vacate Under 29 U.S.C. § 2255, No. 99-CV-3627, ECF No. 1. Judge Johnson denied that motion in 2005 and a motion for reconsideration in 2007. *Mui v. United States*, No. 99-CV-3627, 2005 WL 323704 (E.D.N.Y. Feb. 7, 2005); *Mui v. United States*, No. 99-CV-3627, 2007 WL 2746920 (E.D.N.Y. Sept. 19, 2007). In 2010, the Second Circuit affirmed in part, vacated in part, and remanded for consideration of various ineffective-assistance-of-counsel claims that Mui had not raised on direct appeal. *Mui v. United States*, 614 F.3d 50 (2d Cir. 2010).

On remand, Judge Johnson referred the remaining component of the motion to Magistrate Judge Ramon E. Reyes, who appointed counsel for Mui and held a fact hearing on Mui's ineffective-assistance claims. *See Mui v. United States*, No. 99-CV-3627, 2013 WL 6330661, at *15 (E.D.N.Y. Dec. 5, 2013). Five witnesses (including Mui himself) testified. *Id.* at *3. Judge Reyes then filed a report and recommendation recommending

that the motion be denied; Judge Johnson adopted that recommendation and again denied Mui's motion on December 5, 2013. *Id.* at *10.

Mui sought a certificate of appealability from the Second Circuit, without success. Order, *Mui v. United States*, No. 13-4862 (2d Cir. Sept. 26, 2014), ECF No. 48, *cert. denied*, 574 U.S. 1109 (2015). Mui then moved in this Court for reconsideration of Judge Johnson's order on May 23, 2016. Mot. for Relief from J. Under Federal Civil Rule 60(b)(6), No. 99-CV-3627, ECF No. 103. Since then, Mui has sought to withdraw that motion, then to reinstate it. Not. of Voluntary Dismissal, No. 99-CV-3627, ECF No. 108; Mot. to Strike, No. 99-CV-3627, ECF No. 109.

The motion for reconsideration is denied. That motion was filed on May 23, 2016, over two years after Judge Johnson's order was issued. It is therefore untimely: Local Civil 6.3 of this Court requires that "a notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."

Moreover, a party seeking reconsideration must set forth "concisely the matters or controlling decisions which [the party] believes the Court has overlooked." *Id.* This standard is "strict, and reconsideration will generally be denied unless

the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Mui has not met this standard: his motion is premised on a single page of a transcript that he claims shows that he wanted to plead guilty. He claims that if the transcript had been produced during the previous Section 2255 proceedings, "he would have won his 2255 motion." Mot. for Relief from J. 3. This assertion is evidently in support of his argument that his counsel was ineffective for failing to communicate a five-year plea deal to him prior to trial. *See Mui*, 2013 WL 6330661, at *5. But the transcript excerpt does not undermine Judge Johnson and Judge Reyes' finding that "[t]here is . . . insufficient evidence that a firm plea was ever offered to Mui." *Id.* at *29. It contains an assertion by the government attorney that according to Mui's counsel, Mui wanted to plead guilty. Mot. for Relief from J. 67–68. But that assertion, even if taken as true, does not bear on whether a plea deal was offered.

## II.  Second Motion to Vacate Sentence Under 28 U.S.C. § 2255 (No. 95-CR-766)

In 2016, Mui applied to the Second Circuit for leave to file a second motion under Section 2255, contending that his conviction for using a firearm during a crime of violence was no

longer valid after the Supreme Court's holding in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019), because those cases held some of the predicate crimes not to be crimes of violence.  Mot. to Vacate Under 28 U.S.C. § 2255, No. 99-CR-766, ECF No. 111.  The Second Circuit granted leave in 2020.  *Mui v. United States*, No. 16-2117 (2d Cir. Apr. 14, 2020), ECF No. 39.  Mui then filed his second 2255 motion (again *pro se*), which is now pending here.  Mot. to Vacate Under 28 U.S.C. § 2255, No. 95-CR-766, ECF No. 114.  The government responded on June 29, 2020.  Response in Opp'n, No. 95-CR-766, ECF No. 121.  Mui then filed a letter in which he requested the appointment of counsel to "better advance and advocate" his "novel" claims raised in that motion.  Letter dated Feb. 15, 2022, No. 95-CR-766, ECF No. 142.

As with his motion for reconsideration, Mui sought to withdraw and then to undo the withdrawal of his second motion under Section 2255.  Not. of Voluntary Dismissal, No. 95-CR-766, ECF No. 145; Mot. to Strike, No. 95-CR-766, ECF No. 148.  Given that the government has already responded to Mui's second Section 2255 motion, his request to reinstate that motion is granted.  The Court reserves decision on the merits of Mui's motion.  However, Mui's motion for the appointment of counsel to represent him for purposes of this motion is denied.  *See United States v. Yousef*, 395 F.3d 76, 77 (2d Cir. 2005) (per curiam)

(noting that "there is no constitutional right to representation by counsel in habeas corpus proceedings").

### III. Motion for Compassionate Release

Finally, on October 26, 2020, Mui filed *pro se* a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mot. to Reduce Sentence, No. 95-CR-766, ECF No. 122. He later filed a motion for the appointment of counsel with respect to this motion. Letter Mot. to Appoint Counsel, No. 95-CR-766, ECF No. 128. Judge Johnson referred both requests to Magistrate Judge Vera M. Scanlon, who issued a report and recommendation on July 23, 2021 recommending both be denied. Report & Recommendation (R&R), No. 95-CR-766, ECF No. 136. Mui requested and received an extension of time to object to the R&R until October 15, 2021. Order dated August 31, 2021, No. 95-CR-766. Mui then requested another extension of time to object to the R&R. Mot. for Extension of Time, No. 95-CR-766, ECF No. 141. That motion remains pending; no objections have been filed in the interim.

**A. The Motion for an Extension of Time Is Denied**

As noted, Mui already requested and received a two-month extension on his objections to Judge Scanlon's R&R. Those objections were due on October 15, 2021 but have not been filed. Instead, on October 21, 2021, Mui requested another extension, on the basis of restrictions imposed by the Bureau of Prisons

6

related to the COVID-19 pandemic. Mot. for Extension of Time, No. 95-CR-766, ECF No. 142.

"The Federal Rules of Civil Procedure provide that the Court should only grant a retroactive extension if it is the result of 'excusable neglect.'" *Madera v. Rabsatt*, No. 13-CV-8058, 2017 WL 6729452, at *2 (S.D.N.Y. Dec. 11, 2017) (quoting Fed. R. Civ. P. 6(b)(1)(B)). Mui's request does not meet the excusable neglect standard: having received no response from the Court to his request for a further extension of time, he does not appear to have attempted to file any objections, even incomplete ones, in the year since he made the request. Moreover, granting the extension would even further delay the resolution of the pending motion for compassionate release. *Cf. United States v. Parker*, 165 F. Supp. 2d 431, 439 (W.D.N.Y. 2001) (denying third motion for extension of time to object to an R&R where the movant "demonstrate[d] a lack [of] diligence in trying to comply with the Court's scheduling orders").

**B.     Judge Scanlon's Report & Recommendation Are Adopted in Full**

Because neither party has timely filed objections to Judge Scanlon's R&R, the Court reviews it for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013). Having reviewed the record, I find no clear error and therefore adopt the R&R in its

7

entirety.  As Judge Scanlon determined, Mui has not established "extraordinary and compelling" reasons for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), given his recovery from COVID-19 and FCI Cumberland's mitigation measures.  R&R 9-19.  And even if he has, the factors of 18 U.S.C. § 3553(a) weigh against a sentence reduction given the severity of Mui's crimes and the necessity of placing Mui on equal footing with similarly situated defendants.  *Id.* at 19-23.  Accordingly, Mui's motion for compassionate release is denied.  His motion for appointment of counsel is denied as well.

## IV.  Conclusion

In sum, Judge Scanlon's R&R is adopted in its entirety.  Mui's motions for appointment of counsel and for compassionate release are denied.  Mui's motion for reconsideration is denied, but his request to reinstate his second Section 2255 motion is granted.  The Court will decide that motion by separate order.

The Clerk of Court is respectfully directed to mail a copy of Judge Scanlon's R&R, this order, ECF Nos. 122 and 126, and the docket sheets in both cases to Mui.

The Clerk of Court is further directed to close Case No. 99-CV-3627.  Any further filings are to be made in Case No. 95-CR-766.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

        /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    January 31, 2022
            Brooklyn, New York