```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  UNITED STATES OF AMERICA

                  -against-                   MEMORANDUM & ORDER
                                              95-CR-766-1(EK)
  YICK MAN MUI,

                  Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        In 1996, a jury convicted Yick Man Mui of nine federal offenses including murder, kidnapping, and robbery; conspiracy to commit those offenses; and the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). Judgment, ECF No. 82. The Honorable Sterling Johnson, Jr. sentenced Mui to a term of life plus five years' imprisonment. *Id.* The Second Circuit affirmed. *United States v. Mui*, 159 F.3d 1349 (2d Cir. 1998) (unpublished table disposition).

        Now before the Court are two filings by Mui. First, proceeding *pro se*, Mui asks me to "vacate" — that is, reconsider — my April 2024 order denying his motion for federal habeas relief pursuant to 28 U.S.C. § 2255. In that motion, Mui challenged only one of the counts on which he was convicted: the Section 924(c) firearms conviction. Second, Mui has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582 (also *pro se*). As discussed below, both filings are successive:

Mui has previously sought (unsuccessfully) both Section 2255 relief and compassionate release.

I deny Mui's request for reconsideration on his Section 2255 motion, for two reasons. First, the request is properly understood as another new, successive petition rather than a request for reconsideration or vacatur. Viewed as such, the new petition requires another grant of leave to file from the Second Circuit, which Mui has not obtained. And second, even if I did consider the merits, the motion would still be denied.

I deny Mui's motion for compassionate release because the only facts he alleges that are both new and material are not cognizable under the rubric of compassionate release, and because the Section 3553(a) factors do not favor compassionate release.

## I.  Motion for Reconsideration

**A.  Selected Procedural History**

Mui filed his first Section 2255 motion in 1999, contending that his counsel was constitutionally ineffective for a variety of reasons. These included counsel's concession of Mui's guilt during his opening statement, his failure to file certain pretrial motions, his failure to communicate effectively with Mui across a language barrier, and various failures to investigate defense witnesses and obtain exculpatory evidence

from the government.  *See Mui v. United States*, 614 F.3d 50, 51-52 (2d Cir. 2010).  Judge Johnson denied that motion and a motion for reconsideration.  *See United States v. Mui*, No. 95-CR-766, 2023 WL 1354785, at *1 (E.D.N.Y. Jan. 31, 2023).  The Second Circuit affirmed in part, vacated in part, and remanded for consideration of certain claims that Mui had not raised on direct appeal.  *Mui*, 614 F.3d at 57.  Judge Johnson then referred the case to Magistrate Judge Ramon E. Reyes, who held a hearing.  *See Mui v. United States*, No. 99-CV-3627, 2013 WL 6330661 (E.D.N.Y. Dec. 5, 2013).  At these proceedings, Mui himself testified.  *Id.* at *16-17.  Ultimately, Judge Johnson denied this motion (for the second time) in 2013.  *Id.* at *10.  Upon this case being reassigned to me in 2022, I denied Mui's motion for reconsideration of that denial.  *See Mui*, 2023 WL 1354785, at *1-2.

Mui then applied to the Second Circuit for leave to file a second 2255 motion.  *Mui v. United States*, No. 16-2117 (2d Cir. June 23, 2016), ECF No. 2.  He sought leave to challenge only one conviction — his Section 924(c) conviction — that he argued was no longer valid after a change in law.  *Id.* at 5.[1]  Mui argued that several of the charged crimes underpinning this conviction were not categorically crimes of

---

[1] Page numbers in record citations refer to ECF pagination.

violence, and there was no way to determine which charge the jury relied upon as the predicate for the Section 924(c) conviction. *Id.*

The Second Circuit granted leave in 2020, construing Mui's motion as relying on *United States v. Davis*, 588 U.S. 445 (2019). *Mui v. United States*, No. 16-2117 (2d Cir. Apr. 14, 2020), ECF No. 39. Mui then filed his second Section 2255 motion. ECF No. 114. He subsequently filed (in this Court) several motions expressly or implicitly seeking to amend.[2]

I denied Mui's petition under the concurrent sentence doctrine. *See United States v. Mui*, No. 95-CR-766, 2024 WL 1532293, at *4 (E.D.N.Y. Apr. 9, 2024) ("April 2024 Order"). Because Mui challenged his Section 924(c) conviction but not his concurrent life sentences for murder and kidnapping, I observed that vacatur of the Section 924(c) conviction would "not afford him any actual sentencing relief." *Id.* at *3.[3] I also denied leave to amend this second Section 2255 motion, as the proposed amendments were "unrelated to the limited purpose for which Mui was granted the opportunity to file [his] instant petition" by

---

[2] *See* Def.'s Mot. to Amend/Correct, Vacate, ECF No. 156; Def.'s Mot. to Vacate, ECF No. 159; Def.'s Mot. for New Trial, ECF No. 162; Def.'s Mot. for Order to Show Cause, ECF No. 167; Def.'s Mot. to Compel, ECF No. 169; Def.'s Mot. to Compel, ECF No. 172; Def.'s Mot. to Amend/Correct, ECF No. 173; Def.'s Mot. to Vacate, ECF No. 174; Def.'s Mot. to Dismiss, ECF No. 176; Def.'s Mot. for Relief, ECF No. 177.

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

the Second Circuit.  *Id.* at *5.  In December 2024, the Second Circuit denied Mui's motion for a new certificate of appealability.  ECF No. 184.

Mui now seeks to vacate my April 2024 Order, which I take to be a motion for reconsideration. *See generally* Mot. for Relief Pursuant to Fed. R. Civ. 60(b)(1) ("Reconsideration Mot."), ECF No. 191.

**B.   Discussion**

Rule 60(b)(1) allows district courts to grant relief from judgment in cases of mistake.  Fed. R. Civ. Pro. 60(b)(1). Mui alleges that I incorrectly applied the concurrent sentence doctrine for two reasons.  First, he alleges that I failed to consider that one of his two concurrent life sentences — the murder sentence — violated the *Ex Post Facto* Clause in Article I of the U.S. Constitution.  Reconsideration Mot. 2.  Second, Mui alleges that I failed to consider that he was sentenced when the Sentencing Guidelines were mandatory, before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Reconsideration Mot. 2.

1. Section 1959 and the *Ex Post Facto* Clause

My prior order invoked the concurrent sentence doctrine to conclude that no resentencing is required here, notwithstanding the change in law that undermined Mui's Section 924(c) conviction.  That invocation pointed to two separate

concurrent sentences: the life sentences that Judge Johnson imposed on Count Eight (for kidnapping) and Count Ten (for murder).  Judgment 1-2.  Mui argues that it was improper to invoke the murder sentence to avoid resentencing, because at the time he committed that offense in 1993, the relevant statute did not require a mandatory life sentence.  Reconsideration Mot. 2.  Despite this, he continues, Judge Johnson appeared to state that a life sentence was mandatory on this count.  *Id.*  Mui invokes the *Ex Post Facto* Clause of Article I, arguing that Judge Johnson applied a legal provision not in effect at the time he committed murder.  *Id.*

In response, the government has conceded that Mui's murder sentence violated the *Ex Post Facto* Clause.  Per the government, "it appears" that Mui's attorney "mistakenly stated" the statutory sentence for murder in aid of racketeering under 18 U.S.C. § 1959(a)(1), which had been amended to require life imprisonment or death in the period between Mui's crime and sentencing.  Gov't Suppl. Ltr. Br. 3, ECF No. 192; *see* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 60003(a)(12), 108 Stat. 1796, 1969-70 (codified at 18 U.S.C. § 1959(a)(1)).  Notwithstanding this concession, it is not clear that the parties are reading the transcript correctly, as the colloquy reveals no indication that defense counsel's

reference to a "mandatory" life sentence actually concerned the murder conviction. The relevant passage reads as follows:

> **Mr. Goldberg**: Judge, as I understand the guidelines and the law, the sentence your Honor must impose here is the mandatory sentence of life.
>
> **The Court**: That is correct.

Sentencing Tr. 3:16-19, ECF No. 194. The statement that Judge Johnson was required to impose a life sentence was true as to Mui's aggregate sentence under the then-mandatory *Guidelines*. *See* Presentence Investigation Report ("PSR") 32, ECF No. 124 (sealed). On my reading, it is unclear why the parties seem to believe that Mr. Goldberg's statement referred to a statutory requirement under Section 1959.

Regardless, Mui's argument has two other fatal flaws. First, this argument amounts to a challenge to a different count altogether (the Section 1959 conviction) from the one the Second Circuit has authorized him to challenge (the Section 924(c) conviction). *See Mui v. United States*, No. 16-2117 (2d Cir. Apr. 14, 2020), ECF No. 39. Whether it is styled as such, Mui's motion asks me to reconsider the integrity of his murder sentence. And Rule 60(b) motions that challenge a new "underlying sentence" are successive 2255 motions. *See United States v. Ferranti*, No. 95-CR-119, 2022 WL 1239954, at *1-3 (E.D.N.Y. Apr. 27, 2022); *see also Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires second and successive Section 2255 motions to be certified by a panel of the court of appeals. 28 U.S.C. § 2255(h). Having already brought two Section 2255 motions, Mui requires authorization from the Second Circuit to bring another. *Id.* Absent that, I lack jurisdiction to revisit Mui's other sentences. *Torres v. Senkowski*, 316 F.3d 147, 153 (2d Cir. 2003) (AEDPA's authorization requirement "is jurisdictional and cannot be waived").[4] In the meantime, his current motion is thus "beyond the scope of Rule 60(b)." *Harris*, 367 F.3d at 82.

Mui's argument that I misapplied the concurrent sentence doctrine has another, and perhaps even more dispositive, flaw: he does not challenge his *second* concurrent life sentence (for kidnapping, in violation of 18 U.S.C. § 1959(a)). In my April 2024 Order, I exercised my discretion under the concurrent sentence doctrine in part because Mui did not challenge his life sentences for murder *or* kidnapping. April 2024 Order, at *3. Even if I could now consider the merits of his murder sentence and were to rule in his favor on

---

[4] Mui did seek leave to file a third Section 2255 motion in October 2023, though his motion says nothing about the *Ex Post Facto* Clause. *Mui v. United States*, No. 23-7256 (2d Cir. Oct. 4, 2023), ECF No. 2.1. In any case, the Second Circuit denied his motion because he had a pending motion before me. *Mui v. United States*, No. 23-7256 (2d Cir. Nov. 27, 2023), ECF No. 13.1. Mui then raised the possible *Ex Post Facto* Clause violation in the various motions to amend that I denied. *See* ECF No. 159; ECF No. 162; ECF No. 173; ECF No. 177.

the *ex post facto* contention, Mui would still have an unchallenged life sentence for kidnapping, and the concurrent sentence doctrine would still render relief unwarranted.[5]

2. The Guidelines Post-*Booker*

Mui's second argument for reconsideration is that I failed to consider that he was sentenced when the Sentencing Guidelines were mandatory. But the change in the Guidelines' status is not dispositive in this posture. In *Brown v. United States*, the Second Circuit applied the concurrent sentence doctrine and declined to review the merits of a defendant's Section 2255 motion because he was serving eight concurrent life sentences. 2023 WL 3001239, at *2 (2d Cir. Apr. 19, 2023). There, too, the concurrent sentences had been imposed when the Guidelines were mandatory (and the Guidelines' Sentencing Table called for a sentence of "life" rather than prescribing a range). *See Brown v. United States*, No. 03-CV-3909, 2010 WL 2594640, at *13 (E.D.N.Y. June 23, 2010); Mem. in Opp. 5, *United States v. Brown*, No. 96-CR-149, ECF No. 509 (E.D.N.Y. Aug. 30, 2024) (total offense level of 48); U.S.S.G. Ch. 5, Pt. A (1998) (prescribing life imprisonment for offense level of 43 or higher).

---

[5] The Guidelines range for Mui's kidnapping conviction was life. *See* PSR 20-21. The Guidelines were mandatory at the time. *Booker*, 543 U.S. at 233-34. There was no downward departure motion at Mui's sentencing. *See generally* Sentencing Tr.

Mui cites *Gomez v. United States*, in which the Second Circuit declined to apply the concurrent sentence doctrine when the defendant had not challenged concurrent life sentences. 87 F.4th 100, 107 (2d Cir. 2023). The Second Circuit could not conclude that the motion would have no effect on the defendant's time in custody. *Id.* Mui argues that here, he "would be able to argue for a lesser sentence than life, if the firearm conviction was vacated." Reconsideration Mot. 2.

But *Gomez* does not mandate proceeding to the merits of a Section 2255 motion whenever the district court would have discretion to impose a different sentence. Post-*Gomez*, courts have continued to apply the concurrent sentence doctrine in cases in which sentences for unchallenged convictions were imposed when (a) the Guidelines were mandatory, not advisory, and (b) the Sentencing Table called for a determinate sentence of life, not a range (such as 360 months to life). In *Muyet v. United States*, the Second Circuit affirmed the district court's application of the concurrent sentence doctrine where the defendant challenged his Section 924(c) convictions, but not his mandatory life sentences. 2024 WL 2890390, at *1-2 (2d Cir. June 10, 2024);[6] Am. Judgment 10, *United States v. Muyet*, No. 95-CR-941, ECF No. 262 (S.D.N.Y. July 28, 1998) (total offense

---

[6] Though the district court's decision pre-dated *Gomez*, the Second Circuit's summary order post-dated *Gomez* by nearly seven months.

level of 52); U.S.S.G. Ch. 5, Pt. A (1997) (prescribing life imprisonment for that offense level). At least one other district court has applied the concurrent sentence doctrine under similar conditions post-*Gomez*. *See Herrera v. United States*, No. 20-CV-2957, 2024 WL 3088716, at *3 & n.2 (S.D.N.Y. June 20, 2024); Judgment 5, *United States v. Herrera*, No. 93-CR-203, ECF No. 91 (S.D.N.Y. Apr. 6, 1994) (total offense level of 48); U.S.S.G. Ch. 5, Pt. A (1993) (prescribing life imprisonment therefor).

Even if Mui succeeded on his Section 2255 motion, there is no reason to expect that his sentence would be different: as discussed in more detail below, the Section 3553(a) factors still weigh against any reduction in sentence on the murder or kidnapping convictions. *See infra* Section II.C.4.

## II.   Motion for Compassionate Release

### A.   Prior Compassionate Release Motions

This is the second time in five years that Mui has moved for compassionate release. Mui filed his first motion for compassionate release in 2020. Mot. to Reduce Sentence ("2020 Motion"), ECF No. 122. At that time, Mui argued that his age and health issues, the conditions of his incarceration, and the COVID-19 pandemic constituted "extraordinary and compelling reasons" to reduce his sentence and order his immediate release into a period of home confinement. Judge Johnson referred this

request to Magistrate Judge Vera M. Scanlon, who issued a report recommending denial. Report & Recommendation ("R&R"), ECF No. 136. I adopted Judge Scanlon's report in full on January 31, 2023. *Mui*, 2023 WL 1354785, at *3.

Mui then filed a motion for compassionate release in October 2024. *See* ECF No. 182. After the government responded, Mui moved to withdraw his motion, ECF No. 186, and in February 2025, he filed a new motion for compassionate release, ECF No. 187 ("Mot."). He then filed another motion for compassionate release, ECF No. 190 ("Suppl. Mot."), and a reply to the government's opposition, ECF No. 195. I consider his two compassionate release motions together.

**B.   Legal Standard**

A motion for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A). This section "permits a defendant to bring a motion for a reduction in sentence, including release from prison, in federal district court after satisfying a statutory exhaustion requirement." *United States v. Fernandez*, 853 F. App'x 730, 731-32 (2d Cir. 2021).[7] A district court may

> reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

---

[7] The government does not dispute that Mui satisfied the exhaustion requirement.

18 U.S.C. § 3582(c)(1)(A)(i). Mui bears the burden of establishing he is entitled to compassionate release. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992); *accord United States v. Lopez*, No. 16-CR-317, 2024 WL 964593, at *2 (S.D.N.Y. Mar. 5, 2024).

**C.   Extraordinary and Compelling Reasons**

The Sentencing Guidelines govern what constitutes an "extraordinary and compelling reason." *See United States v. Garcia*, 758 F. Supp. 3d 47, 51 (E.D.N.Y. 2024) (collecting cases). The Guidelines list six types of circumstances that may qualify (alone or in combination). U.S.S.G. § 1B1.13(b). These include medical circumstances, age, family circumstances, whether the defendant was abused, a catch-all provision for circumstances "similar in gravity" to those four circumstances, and certain changes in the law. *Id.* Mui's motion focuses primarily on changes in law and changes in his age and medical condition, though he also references other circumstances like rehabilitation. *See* Mot. 5-6, 14; Suppl. Mot. 5-7, 21.

1. Changes in Law

In discussing compassionate release, the Guidelines note that:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in

>   determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Mui invokes two changes in law, echoing his motion to vacate. First, he argues that the government has conceded his murder sentence violates the *Ex Post Facto* Clause. Mot. 7-8. Second, he argues that his sentence is no longer mandatory under *Booker*. *Id.* at 8-9.

Mui's first argument runs headlong into the Second Circuit's decision in *United States v. Fernandez*, 104 F.4th 420 (2d Cir. 2024). By invoking his *ex post facto* argument, Mui asks me to reconsider his sentence. "But the validity of a conviction or sentence can be challenged only on direct appeal or collateral review," not as an extraordinary and compelling reason for compassionate release. *Id.* at 427. Allowing such challenges would circumvent the review structure in AEDPA and other provisions. *Id.* at 430. Instead, Mui's challenges "can (and therefore must) be brought in a section 2255 petition." *Id.* at 433.[8]

---

[8] This problem also infects Mui's argument that his firearm offense violates the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995).

Mui's second argument begins with the premise that *Booker* was a significant change in law. Taking this as a given, Mui must still show a "gross disparity" between his original sentence and the sentence that would "likely . . . be imposed" now. U.S.S.G. § 1B1.13(b)(6). He cannot, because he was sentenced for murder under 18 U.S.C. § 1959(a)(1). As Mui himself has described in the context of his *ex post facto* arguments, Section 1959(a)(1) now requires a mandatory life sentence or the death penalty. *See* Mot. 7-8. At the time of Mui's crime, it did not. 18 U.S.C. § 1959(a)(1) (1988). Mui thus would not have received a lower sentence for his murder conviction at any time between sentencing and today. *See United States v. Massaro*, No. 92-CR-529, 2023 WL 2058398, at *2 (S.D.N.Y. Feb. 16, 2023) (rejecting *Booker* argument that also involved changes to 18 U.S.C. § 1959(a)(1)).

  2. Age and Medical Condition

Extraordinary and compelling reasons exist when the defendant (a) is at least 65 years old; (b) "is experiencing a serious deterioration in physical or mental health because of the aging process"; and (c) has, as applicable here, served at least ten years of their sentence. U.S.S.G. § 1B1.13(b)(2).

Mui's initial motion described complications from long-COVID and health issues such as high blood pressure. Mot.

7. His supplemental motion recounted the risks of living in a facility in the age of COVID-19. Suppl. Mot. 21.

Nothing in the record suggests that Mui is experiencing a serious deterioration in his health. Indeed, none of the considerations he provides are materially different than the ones Judge Scanlon considered in her report and recommendation that I adopted just two years ago. R&R 9-16; *see also United States v. Acosta*, No. 17-CR-487, 2025 WL 733250, at *2 (S.D.N.Y. Mar. 7, 2025) (denying compassionate release for defendant who asserted long-COVID symptoms). According to the Bureau of Prisons' records, Mui's medical classification seems to have improved since his 2020 Motion. *Compare* Mot. 24 (describing Mui's medical status as "Care 1 . . . Healthy of Simple Chronic Care"), *with* ECF 125-4 (describing Mui's medical status as "Care 2 . . . Stable, Chronic Care"); *see generally* R&R 12 (describing these levels).

3. Mui's Remaining Arguments

Mui's petition alludes to several additional factors. First, he describes his rehabilitation. *See* Suppl. Mot. 5-6. But rehabilitation – while commendable – cannot alone be an extraordinary and compelling reason to grant compassionate release. 28 U.S.C. § 994(t); *United States v. Fernandez*, No. 13-CR-20, 2024 WL 5220529, at *6 (S.D.N.Y. Dec. 26, 2024) (collecting cases).

Mui argues that there is an extraordinary and compelling difference in the sentence imposed on him and a co-conspirator who pled guilty. Mot. 10-11.[9] But this is not a "change in the law," U.S.S.G. § 1B1.13(b)(6), nor is it among the other enumerated bases for compassionate release. And Mui has not made a compelling case that the disparity between his sentence and the co-conspirator's was unwarranted.

Mui's remaining arguments ask me to consider the length of his sentence and the practice of other judges. *See* Mot. 6.[10] These arguments generally amount to "second-guessing of the sentence previously imposed" by the trial judge. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).

4. Section 3553(a) Factors

Even where extraordinary and compelling reasons exist, courts must still ensure that compassionate release would be appropriate "after considering the factors set forth in" 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). In adopting Judge Scanlon's report, I noted that these factors "weigh against a sentence reduction given the severity of Mui's crimes and the necessity of placing Mui on equal footing with similarly

---

[9] The government professes to be unaware of the circumstances of that co-conspirator's conduct. *See* Gov't Suppl. Ltr. Br. 6-7 n.5.

[10] Mui writes that (1) he "has served 29 years of his Life Sentence in federal prison"; (2) not granting him a compassionate release would create disparities with other similarly situated defendants; and (3) other district courts have granted compassionate release to defendants "who had murder offenses or conduct involving murder," so Mui's time-served is a "sufficient and appropriate" sentence. Mot. 6.

situated defendants." *Mui*, 2023 WL 1354785, at *3. As Judge Scanlon recounted, Mui was effectively a career criminal when he ran the gambling operation in question: "an officer of the Chinese Freemasons, an organized crime organization." R&R 20. He ordered the brutal murder of a terrified victim in that capacity, and did so in the course of a kidnapping and a litany of other crimes. *Id.*; PSR 11-12. This was not, to say the least, a singular, momentary offense. I continue to believe that the Section 3553 factors counsel against compassionate release at this point.

### III. Conclusion

For the foregoing reasons, the motion to vacate and the motion for compassionate release are denied.

The Clerk of Court is respectfully directed to mail a copy of this order and the docket sheet to Mui and to note the mailing on the docket. The Court certifies that any appeal of this order would not be taken in good faith, and thus *in forma*

*pauperis* status is denied for the purposes of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

       SO ORDERED.

                               /s/ Eric Komitee
                             ERIC KOMITEE
                             United States District Judge

Dated:    May 6, 2025
            Brooklyn, New York